# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| PERRY A. MARCH, in his capacity as the father of Samson Leo March and Tzipora Josette March, both minor children, | ) ) ) ) | |
| Petitioner, | ) ) | Civil No. 3:06-0878 |
| | ) | Judge Trauger |
| v. | ) ) | |
| LAWRENCE LEVINE and CAROLYN R. LEVINE, | ) ) ) | |
| Respondents. | ) ) ) | |

## MEMORANDUM and ORDER

The petitioner has filed a Motion for Provisional Remedies In Aid of Prosecution of This Cause (Docket No. 19), requesting that this court order the Tennessee Department of Corrections ("TDOC") to provide him with generous access to a law library and word processing and copying equipment so that he may pursue this case. In support of his motion, the petitioner cites to Article 7(b) of the Hague Convention on the Civil Aspects of International Child Abduction, which states, in part:

> Central Authorities shall co-operate with each other and promote co-operation amongst the competent authorities in their respective States to secure the prompt return of children and to achieve the other objects of this Convention.
>
> In particular, either directly or through any intermediary, they shall take all appropriate measures–
>
> . . .
>
> b. to prevent further harm to the child or prejudice to interested parties by taking or causing to be taken provisional measures;

1

. . .

This provision places certain obligations upon the "Central Authorities" of the signatories to the Convention. The federal International Child Abduction Remedies Act provides that the President of the United States is to designate the Central Authority for the United States under the Convention. 42 U.S.C. § 11606(a). In 1988, President Reagan designated the Department of State as the Central Authority of the United States "for purposes of the Hague Convention on the Civil Aspects of International Child Abduction." Executive Order No. 12648, August 11, 1988, 53 F.R. 30637. It is, therefore, the United States Department of State that has the obligation, if any, to take whatever "provisional measures" that petitioner thinks are necessary in order to prevent prejudice to him under the Convention. This court is not the Central Authority.

The Supreme Court has clearly stated that prisoners must be given a "reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). However, neither the Constitution nor prior Supreme Court precedent

> guarantee[s] inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip and fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. This case is not related to the defendant's conviction, sentence or terms of confinement. Certainly the custody of one's children, whether one is incarcerated or not, is of

2

paramount concern to a parent,[1] but this lawsuit simply does not fall within the category of lawsuits giving rise to a constitutional claim of denial of access to the courts, were the petitioner asserting one.

The petitioner, a well-schooled lawyer who has already successfully pursued one Hague Convention case against the respondents, is in the custody of TDOC serving a lengthy sentence. He admits that he has been given access to a law library and legal materials, but complains that he needs much more time in the law library, plus generous access to word processors and copying equipment. It is not for this court to interfere with the state prison system by ordering TDOC to comply with the petitioner's demands, and it appears that reasonable access to necessary facilities is being provided. The court has granted the petitioner's request for an extension of time to respond to the various pending motions, and that is this court's appropriate role.

For the reasons expressed herein, the petitioner's Motion for Provisional Remedies In Aid of Prosecution of This Cause (Docket No. 19) is **DENIED**.

It is so **ORDERED**.

ENTER this 19th day of October 2006.

_____
ALETA A. TRAUGER
U.S. District Judge

---

[1] The court must note that the petitioner is not seeking custody of the children, and he obviously is in no position to do so. Moreover, state courts have determined that it is in the best interest of the petitioner's children to be in the custody of their grandparents, the respondents, not Carmen Rojas Solorio March or members of the petitioner's family.

3